# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 4991 | DATE | 11/6/2003 |
| CASE TITLE | MCI Worldcom Network Services, Inc. vs. Big John's Sewer Contractors, Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and its request to strike MCI's punitive damages claim [6-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | NOV - 7 2003 | | |
| | Notified counsel by telephone. | | date docketed | | 14 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | IS | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| RO | courtroom deputy's initials | 03 NOV -6 PM 3:50 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCI WORLDCOM NETWORK SERVICES, INCORPORATED, ) ) ) | |
| Plaintiff, ) | No. 03 C 4991 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| BIG JOHN'S SEWER CONTRACTORS, INCORPORATED, ) ) ) | |
| Defendant. ) | NOV - 7 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff MCI Worldcom Network Services, Inc. ("MCI") sued Defendant Big John's Sewer Contractors, Inc. ("Big John's) in a complaint arising under this Court's diversity jurisdiction, alleging a trespass claim and a negligence claim under the Illinois Underground Facilities Damage Prevention Act, 220 ILCS 50/1-50/14 ("Damage Prevention Act"). Defendant now moves to dismiss MCI's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, and in the alternative, to strike MCI's claims for punitive damages for failure to properly obtain leave of court in violation of the Illinois civil procedure rules. *See* 735 ILCS 5/2-604.1. For the following reasons, Defendant's motion is denied. (R. 6, Def.'s Mot. to Dismiss.)

### RELEVANT FACTS

While performing excavation work to install a sewer pipe on Kingsbury Street in Chicago, Big John's allegedly severed a fiber-optic cable MCI had installed in the City's right-of-way pursuant to an agreement between MCI and the City. That agreement entitled MCI to

install and operate a fiber-optic cable system and enjoy undisturbed possession of that right. (R. 1, Compl. ¶¶ 6–7.) MCI sued, claiming that Big John's failed to follow state and federal regulations and industry standards in its installation of the sewer pipes, which resulted in damage to, and loss of use of, its fiber-optic cable. (*Id.* at ¶¶ 9–22, 25–28, 30–32.) In particular, MCI alleges that Big John's trespassed upon MCI's right of use and negligently failed to: (1) provide the required notice of excavation under the state's one-call notice system (known as "JULIE"); (2) determine the approximate location of all sub-surface utility facilities that it reasonably might expect to encounter during excavation; (3) reasonably inform itself of the location of MCI's cable; (4) determine by safe and acceptable means the exact location of MCI's cable; (5) plan the excavation so as to avoid interference with and damage to MCI's cable; (6) have a competent supervisor on-site capable of ensuring that Big John's crew complied with applicable regulations and performed its work in a careful, prudent manner; and (7) sufficiently instruct Big John's employees on the prudent operation of excavation equipment and the precautionary procedures related to excavating near underground cables. (*Id.* at ¶¶ 26, 28.) MCI also asserts that its cable is located entirely within the City's right-of-way and that Big John's intentionally severed the cable. (*Id.* at ¶ 25.) Lastly, MCI prays for both actual and punitive damages resulting from the disturbance to its right of use and for the damages to its fiber-optic cable. (*Id.* at ¶¶ 27, 32.) Presently before the Court is Big John's Rule 12(b)(6) motion to dismiss and its motion in the alternative to strike MCI's punitive damages claim in violation of 735 ILCS 5/2–604.1.

## LEGAL STANDARDS

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) this Court views all facts alleged in the complaint, as well as any inferences reasonably drawn from

2

those facts, in the light most favorable to the plaintiff. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). A motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff can prove no set of facts that would ultimately entitle it to relief. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

### I. Motion to Dismiss

Defendant argues that MCI's claims (trespass and negligence) should be dismissed because they are excluded by the "economic loss" rule, or the *Moorman Doctrine*, which prohibits a plaintiff from recovering solely economic losses in tort. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450-53 (Ill. 1982). (R. 9, Def.'s Mem. at 3-5.) "Economic loss" has been defined by the Illinois Supreme Court as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits—*without any claim of personal property injury or damage to other property.*" *In re Chicago Flood Litig.*, 680 N.E.2d 265, 274 (Ill. 1997) (emphasis in original); *see also Mars, Inc. v. Heritage Builders of Effingham, Inc.*, 763 N.E.2d 428, 433-34 (Ill. App. Ct. 2002). Typically, the economic loss rule arises in the context of a product liability suit where the plaintiff seeks damages resulting from the defect in the particular product at issue; the economic loss rule precludes recovery in tort for damages to the defective product itself. *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 47-49 (Ill. 1997).

The economic loss rule articulated in *Moorman* does not apply when: (1) the plaintiff sustained damages (*i.e.*, personal injury or property damage) as a result of a sudden or dangerous

occurrence; (2) the defendant makes an intentional, false representation (*i.e.*, fraud) that proximately causes the plaintiff's damages; or (3) the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions. *In re Chicago Flood Litig.*, 680 N.E.2d at 275 (citing *Moorman*, 435 N.E.2d at 451-53); *see also Trans States Airlines*, 682 N.E.2d at 48. The first and third exceptions are potentially applicable here.

Under the first exception, damages fall outside of the economic loss rule and are recoverable in tort when there is damage to property other than the defective product supplied by the defendant *and* the damages resulted from a sudden or dangerous occurrence. *Trans States Airlines*, 682 N.E.2d at 46-48, 54-55; *see also In re Chicago Flood Litig.*, 680 N.E.2d at 275-76 (finding that *Moorman* did not preclude the claims of those plaintiffs who averred damages to perishable inventory); *Dexter Axle Co. v. Omiotek Coil Spring, Co.*, No. 00 C 28, 2000 WL 420856, at *1-2 (N.D. Ill. Apr. 17, 2000) (allegations that damage included harm to components other than a defective adjuster wire spring were sufficient to survive a motion to dismiss based on *Moorman*). Big John's argues that the severed cable does not constitute "other property" under the first exception since it was the only property or product that MCI alleged sustained damage. (R. 11, Def.'s Reply Mem. at 1-4.) MCI, however, is not alleging that its damages resulted from a defective product supplied by Big John's. (R. 12, Pl.'s Mot., Ex. A, Pl.'s Sur-reply at 2.) Rather, MCI avers that Big John's physically damaged its fiber-optic cable by severing it. (R. 1, Compl. ¶ 25.) Both parties agree that there is no contractual relationship between them with regard to the use or construction of the cable. (R. 9, Def.'s Mem. at 3-5.) Therefore, MCI's allegations of damage to its severed cable constitute damage to "other

4

property," and are sufficient to overcome *Moorman's* property-damage requirement to apply the first exception of the economic loss rule.

Additionally, the first *Moorman* exception requires that the physical damage to "other property" must be coupled with a sudden or dangerous event. *In re Chicago Flood Litig.*, 680 N.E.2d at 275. In an action against contractors seeking economic damages for allegedly negligent construction of a warehouse frame, the Appellate Court of Illinois found that a thunderstorm that precipitated and contributed to the collapse of the frame was a sufficiently "sudden and dangerous" occurrence to overcome the economic loss rule. *Mars*, 763 N.E.2d at 435-36. The *Mars* court further stated that the "sudden and dangerous" exception applies when the sudden occurrence is "*highly dangerous and presents the likelihood of personal injury or injury to other property.*" *Id.* at 435 (emphasis in original) (quoting *Stepan Co. v. Winter Panel Corp.*, 948 F. Supp. 802, 807-08 (N.D. Ill. 1996)).

In its complaint, MCI contends that Big John's violated 220 ILCS § 50/4, as well as other regulations and industry standards, when it severed its cable by excavating without: (1) providing the required notice to JULIE; (2) taking reasonable steps to inform itself of the location of any sub-surface utility facilities; and (3) planning the excavation project to minimize or avoid interference with sub-surface utility facilities. (R. 1, Pl.'s Compl. ¶¶ 7, 9-10, 13-22, 26, 30.) MCI also alleges that Big John's recklessly disregarded the high probability of serious damage its conduct created. (*Id.* at ¶¶ 27, 31.) Congress has found that excavation without prior notification to an underground facility operator can cause serious injuries, fatalities, environmental degradation and disruption of critical services to the public. Pub. L 105-178, Title VII, § 7301, June 9, 1998, 112 Stat. 477, 49 U.S.C.A. § 6101, Historical and Statutory Notes.

Given Big John's alleged failure to notify the JULIE system of its excavation and to take the regulatory steps required by both Illinois and the federal government to help reduce the dangers associated with excavation, we find that MCI has sufficiently alleged a sudden or dangerous occurrence within the meaning of *Moorman*. Therefore, because MCI has met the first exception to the economic loss rule, Big John's 12(b)(6) motion to dismiss is denied.[1]

## II. Punitive Damages

Big John's challenges MCI's claims for punitive damages, asserting that MCI failed to first obtain leave of court before asserting a claim for punitive damages in violation of 735 ILCS 5/2-604.1.[2] (R. 9, Def.'s Mem. at 5-6). Federal courts deciding state law claims do not follow state procedural requirements. *Randle v. City of Chi.*, No. 00 C 299, 2000 WL 1536070, at *6

---

[1] MCI also urges this Court to deny the motion to dismiss on the basis of the third exception to the economic loss rule expounded in *Moorman*, which provides for recovery of solely economic loses when the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions. *In re Chicago Flood Litig.*, 680 N.E.2d at 275 (citing *Moorman*, 435 N.E.2d at 451-53). Relying on the reasoning of two Illinois Appellate Court cases, MCI argues that under the Damage Prevention Act, the information-provider exception should apply to Big John's since it failed to properly provide statutory notice and relevant information about its planned excavation before breaking ground. *See Ill. Bell Tel. Co. v. Plote, Inc.*, 778 N.E.2d 1203, 1208-09 (Ill. App. Ct. 2002); *Followel v. Cent. Ill. Pub. Serv. Co.*, 663 N.E.2d 1122, 1123-24 (Ill. App. Ct. 1996). But because we have found that MCI has satisfactorily defended against Big John's motion to dismiss under the first exception to the *Moorman* doctrine, we need not decide whether the third exception also applies to defeat the motion to dismiss.

[2] 735 ILCS 5/2–604.1, provides that: "[i]n all actions on account of bodily injury or physical damage to property, based on negligence, or product liability based on any theory or doctrine, where punitive damages are permitted no complaint shall be filed containing a prayer for relief seeking punitive damages. However, a plaintiff may, pursuant to a pretrial motion and after a hearing before the court, amend the complaint to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the complaint if the plaintiff establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages."

(N.D. Ill. Oct. 17, 2000) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *see also Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996). Federal courts in this district consistently have held that section 2–604.1 is procedural in nature and does not govern federal courts deciding state claims. *Randle*, 2000 WL 1536070, at *6; *see also Probasco v. Ford Motor Co.*, 182 F. Supp. 2d 701, 703-04 (C.D. Ill. 2002); *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116, at *6-7 (N.D. Ill. Sept. 2, 1997). Therefore, MCI is not required to first obtain leave of court in order to assert a claim for punitive damages and Big John's motion to strike MCI's punitive damage request is denied.

## CONCLUSION

For the foregoing reasons, Big John's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and its request to strike MCI's punitive damages claim is denied. (R. 6-1.)

ENTERED: _____
Judge Ruben Castillo
United States District Court

Dated: November 6, 2003